Adams v. The State.

The defendant was convicted, and sentenced to two years imprisonment in the penitentiary, and hence this appeal.

McCaskill, for appellant.

Attorney-General, *contra.*

---

## ADAMS *vs.* THE STATE.

[APPEAL FROM JUDGMENT OF CIRCUIT COURT ON MOTION TO RETAX COSTS.]

1. *Solicitor's fee; when properly allowed, as for a conviction of assault with weapon.*—If a party is indicted for an assault with intent to murder, with a pistol, knife or other weapon, and puts in a plea of guilty of a simple assault, his plea is an admission of charge as made, denying only the extent. In such a case, the solicitor's fee is fifteen dollars.

2. *Revenue law of 1868, section 136 of; what laws did not repeal.*—Section 136 of the revenue law of 1868 does not repeal the statutes in reference to the fees and costs of judicial litigation.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. M. J. SAFFOLD.

The defendant pleaded guilty of a simple assault, to an indictment charging an assault with intent to murder. The first count charged that the assault was made with a pistol; and the second, as having been made with a knife. The plea was received and a jury empanneled to assess the fine, which was fixed at $25.00; and thereupon, the court rendered judgment against the defendant for the fine and costs of the prosecution, and ordered his retention in custody until the same were paid, or the defendant otherwise discharged by due course of law.

The defendant, afterwards, moved to retax the costs, objecting specially to the solicitor's fee of $15, and the two dollars county tax contained in the bill of costs. In support of the motion, the defendant proved that no evidence was introduced as to the facts of the case, or to show that any stick or other weapon was used, when his plea of guilty of a simple assault was received.

The court overruled the motion, &c., and hence this appeal.

MORGAN, LAPSLEY & NELSON, for appellant.
ATTORNEY-GENERAL, contra.

PECK, C. J.—The defendant's plea admitted the assault as charged, denying only the intent. It was an admission that the assault was made with a weapon. Section 4343 of the Revised Code provides, that when the assault is with a stick or other weapon, the solicitor is entitled, on a conviction, to a fee of fifteen dollars.

The two dollars county tax was properly embraced in the bill of costs. Section 136 of the revenue law of 1868 did not repeal section 913 of the Revised Code, nor did it repeal the statutes in reference to the fees and costs of judicial litigation.

The judgment is affirmed, at the costs of appellant.